PROB 12B
(7/93)

# United States District Court

for

*District of Guam*

### Report for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Emmanuel Gamboa Tolentino**   Case Number: **CR 04-00025-001**

Name of Sentencing Judicial Officer:   Honorable Roger L. Hunt

Date of Original Sentence:   February 17, 2005

Original Offense:   Count I: Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and Count II: Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

Original Sentence:   37 month term of imprisonment to be served concurrently for Counts I and II, followed by a five year term of supervised release with conditions: not commit another federal, state, or local crime; not unlawfully possess a controlled substance; refrain from any unlawful use of a controlled substance; not possess a firearm, ammunition, destructive device, or any other dangerous weapon; cooperate in the collection of DNA; comply with the standard conditions of probation; participate in a program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency, which will include testing for the detection of substance use or abuse; refrain from the use of any and all alcoholic beverages; perform 300 hours of community service; and pay a $200 special assessment fee.

Type of Supervision:   Supervised Release   Date Supervision Commenced:   December 22, 2006

## PETITIONING THE COURT

☐   To extend the term of supervision _____ years, for a total term _____ years.

☒   To modify the conditions of supervision as follows:

1.   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Report for Modifying the
Conditions or Term of Supervision with
Consent of Offender                                                                                                    page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens , No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Mr. Tolentino's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is Mr. Tolentino's current drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to Mr. Tolentino. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests Mr. Tolentino must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Mr. Tolentino will complete the year long drug treatment and testing program on January 11, 2008. He submitted to a DNA sample of his blood on September 8, 2004 and paid his $200 special assessment fee on February 2, 2007. In addition, Mr. Tolentino completed his prerelease home confinement term, has a fee balance of $.08, and has a balance of 47 hours of community service remaining. Furthermore, he is gainfully employed and submits his monthly supervision reports in a timely manner.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Tolentino's consent to the modification.

| Reviewed by: | Respectfully submitted, |
|---|---|
| CARMEN D. O'MALLAN<br>U.S. Probation Officer Specialist<br>Supervision Unit Leader | by: JOHN W. SAN NICOLAS II<br>U.S. Probation Officer |
| Date: November 30, 2007 | Date: November 30, 2007 |

**THE COURT ORDERS**

☐ No Action

☐ The Extension of Supervision as Noted Above.

☐ The Modification of Conditions as Noted Above.

☐ Other

PROB 49
(3/89)

# United States District Court

District  Guam

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Witness _____  Signed _____
           U.S. Probation Officer                          Probationer or Supervised Releasee

                                11/26/07
                                  Date